

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 2:23cr35 |
| | ) | |
| v. | ) | 18 U.S.C. § 1347 |
| | ) | Health Care Fraud |
| WHITTENEY GUYTON | ) | (Count 1) |
| | ) | |
| Defendant. | ) | 18 U.S.C. § 1035 |
| | ) | False Statements Relating to Health Care |
| | ) | Matters |
| | ) | (Counts 2-9) |
| | ) | |
| | ) | 18 U.S.C. § 1028A(a)(1) |
| | ) | Aggravated Identity Theft |
| | ) | (Counts 10-11) |
| | ) | |
| | ) | Forfeiture |

## INDICTMENT

MARCH 2023 TERM – at Norfolk, Virginia

THE GRAND JURY CHARGES THAT:

### COUNT ONE

During the period from in or about June 2016 through in or about October 2018, in the Eastern District of Virginia, WHITTENEY GUYTON, the defendant, knowingly and willfully executed and attempted to execute a scheme and artifice to defraud the Department of Medical Assistance Services, a health care benefit program as defined in Title 18, United States Code, Section 24(b), and to obtain, by means of materially false and fraudulent pretenses, representations and promises, money owned by and under the custody and control of said health care benefit program, in connection with the delivery of and payment for health care benefits,

items and services, which scheme and artifice, and the execution thereof, were in substance as follows:

1. At all material times, WHITTENEY GUYTON owned and operated Synergy Health Systems LLC ("Synergy"), a business located in Chesapeake, Virginia and Portsmouth, Virginia, that was authorized to provide home health care and mental health care services, including (1) personal care services, (2) respite care services, and (3) mental health skill-building services (MHSS) to recipients of Medicaid, a health care program for indigent persons that is jointly funded by federal and state governments.

2. Home health care service providers such as Synergy must obtain prior authorization from Medicaid before providing services to Medicaid recipients.

3. Medicaid, through its contractor Keystone Peer Review Organization (KePRO) or the appropriate managed care organization (MCO) within Commonwealth Coordinated Care (CCC), reviews authorization requests for personal care services and respite care services to ensure, among other things, that the services are medically necessary and allowable under applicable Medicaid regulations.

4. Personal care services, as authorized by applicable Medicaid regulations, are those long-term maintenance and support services that are necessary to enable eligible Medicaid beneficiaries to remain at or return to home rather than enter a nursing facility.

5. Respite care services, as authorized by applicable Medicaid regulations, are designed to provide temporary, substitute care for a Medicaid recipient that is normally provided by the family or another unpaid primary caregiver of the recipient. These services are provided on a short-term basis because of the emergency absence, or the need for routine or periodic relief of the primary caregiver.

6. For a home health care service provider to be eligible for reimbursement for personal care and respite care services, the provider must request a Uniform Assessment Instrument (UAI) for the Medicaid recipient from an agency such as the Virginia Department of Social Services or a local community service board (CSB). UAIs must be completed by a case manager or qualified accessor. A Registered Nurse (RN) must also make a Community-Based Care Assessment (DMAS-99) and a Plan of Care (DMAS 97 A/B) of the recipient to determine the eligible number of personal care service hours and respite care eligibility. The home health care service provider then submits the UAI and assessment by the RN to KePRO or the appropriate MCO within CCC for review and authorization. The home health care service provider must receive approval from KePRO or the MCO before they can be paid for personal care and respite care services provided to Medicaid recipients.

7. MHSS are goal-directed training and supports to enable restoration of an individual to the highest level of baseline functioning while achieving and maintaining community stability and independence in the most appropriate, least restrictive environment. MHSS offer an array of intensive skills training and supports for individuals experiencing functional limitations as a result of severe and persistent mental illnesses.

8. Magellan of Virginia (Magellan) is the behavioral health services administrator (BHSA) for the Department of Medical Assistance Services (DMAS). They review authorizations for MHSS. Additionally, the MCOs who are contracted under the Commonwealth Coordinated Care Plus (CCC Plus) program also review authorizations for MHSS. Medicaid, through its contractors, reviews authorization requests for MHSS to ensure, among other things, that the services are medically necessary and allowable under applicable Medicaid regulations.

9. For a mental health care service provider to be eligible for reimbursement for MHSS, the provider must have a valid UAI for the Medicaid recipient. A Comprehensive Needs Assessment is then completed to gather the clinical data and diagnosis to ensure the recipient meets the medical necessity criteria for MHSS. A Service Authorization Request (SAR) is completed after the Comprehensive Needs Assessment because it is based on the information collected in the assessment. A Licensed Mental Health Provider (LMHP) must complete the Comprehensive Needs Assessment and SAR of the recipient to determine the eligible number of MHSS hours and eligibility. The mental health care service provider submits the SAR by the LMHP to the MCO/Magellan BHSA for authorization review and approval. In order to bill Medicaid, the mental health care service provider must have a completed, valid Comprehensive Needs Assessment and approved SAR.

10. If the Community-Based Care Assessment, Plan of Care, Comprehensive Needs Assessment, and SAR are not made by the requisitely licensed persons, home health care and mental health care service providers are not eligible for reimbursement for those services provided to Medicaid recipients.

11. Pursuant to an agreement with DMAS, Synergy received payments from DMAS for providing personal care services, respite care services, and MHSS to Medicaid recipients.

12. The object of the scheme and artifice devised and executed by the defendant was to obtain health care benefit payments from DMAS to which the defendant was not entitled, by submitting and causing to be submitted false, fraudulent, and fictitious Community-Based Care Assessments and Plans of Care for personal care and respite care services, Comprehensive Needs Assessment, and SARs for MHSS that were not completed by RNs or LMHPs, respectively, to DMAS and its contractors.

13. It was a part of said fraudulent billing scheme that the defendant submitted and caused to be submitted to DMAS false, fraudulent, and fictitious claims to DMAS and its contractors for services provided to Medicaid recipients based on the fraudulent Community-Based Care Assessments and Plans of Care, Comprehensive Needs Assessment, and SARs.

14. It was part of said fraudulent billing scheme that the defendant submitted and caused to be submitted to DMAS claims for payments representing personal care services, respite care services, and MHSS had been provided to Medicaid recipients, when in truth and fact, as the defendant knew, KePRO/MCO and MCO/Magellan BHSA would not have approved the recipients for services if they knew the Community-Based Care Assessments and Plans of Care and SARs were fraudulent.

15. As a result of this fraudulent scheme and artifice, the defendant obtained health care benefit payments from DMAS in the approximate amount of $900,000, to which she was not entitled.

(In violation of Title 18, United States Code, Section 1347.)

## COUNTS TWO THROUGH NINE

THE GRAND JURY FURTHER CHARGES THAT:

On or about the dates set forth below, in the Eastern District of Virginia, WHITTENEY GUYTON, the defendant, in a matter involving a health care benefit program as defined in Title 18, United States Code, Section 24(b), knowingly and willfully did make a materially false, fictitious and fraudulent statement and representation, and make and use a materially false writing and document knowing the same to contain a materially false, fictitious and fraudulent statement and entry, in connection with the delivery of and payment for health care benefits, items and services, in that the defendant submitted and caused to be submitted to the Virginia Medicaid program, known as the Department of Medical Assistance Services, the following claims for health care benefit payments, each of which falsely and fraudulently represented that Synergy, Inc. had provided and personal care services (PCS), respite care services (RCS), or mental health skill-building services (MHSS), as indicated, to a Medicaid recipient and were due payment for those services, when in truth and fact, as the defendant well knew, the recipients were authorized for services based on false, fictitious, and fraudulent representations made by the defendant and others. Each claim is a separate count of this indictment as indicated:

| COUNT | DATE OF CLAIM/PAYMENT | DATES OF SERVICE | TYPE OF SERVICE | MEDICAID RECIPIENT |
|---|---|---|---|---|
| 2 | 04/04/2018 | 03/26/2018-03/30/2018 | MHSS | M.R. |
| 3 | 06/13/2018 | 06/04/2018-06/08/2018 | MHSS | M.S. |
| 4 | 07/17/2018 | 07/02/2018-07/06/2018 | MHSS | M.H. |
| 5 | 04/18/2018 | 04/10/2018-04/15/2018 | RCS | M.K. |

| 6 | 04/25/2018 | 04/16/2018-04/20/2018 | MHSS | M.K. |
| 7 | 05/02/2018 | 04/23/2018-04/29/2018 | PCS | M.K. |
| 9 | 05/30/2018 | 05/21/2018-05/25/2018 | MHSS | G.D. |

(In violation of Title 18, United States Code, Section 1035.)

## COUNTS TEN THROUGH ELEVEN

On or about the dates set forth below, in the Eastern District of Virginia, WHITTENEY GUYTON, the defendant, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, that is the Medicaid identification number of the person indicated, during and in relation to a felony enumerated in 18 U.S.C. § 1028A(c), namely, health care fraud in violation of 18 U.S.C. § 1347, as charged in Count One of this indictment. Each claim is a separate count of this indictment as indicated:

| COUNT | DATE OF CLAIM/PAYMENT | DATES OF SERVICE | TYPE OF SERVICE | MEDICAID RECIPIENT |
|---|---|---|---|---|
| 10 | 04/04/2018 | 03/26/2018-03/30/2018 | MHSS | M.R. |
| 11 | 04/18/2018 | 04/10/2018-04/15/2018 | RCS | M.K. |

(In violation of Title 18, United States Code, Section 1028A(a)(1).)

## CRIMINAL FORFEITURE

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE THAT:

The defendant, WHITTENEY GUYTON, if convicted of any offense set forth in Counts One through Nine of this indictment and as part of the sentencing of the defendant pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, shall each forfeit to the United States any and all property, real and personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of said offense.

If any property that is subject to forfeiture above is not available, it is the intention of the United States to seek an order forfeiting substitute assets pursuant to Title 21, United States Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e).

The property subject to forfeiture includes, but is not limited to, a sum of money of which is the total amount of proceeds of the offenses charged in Counts One through Nine.

(In accordance with 18 U.S.C. § 982(a)(7).) (In accordance with 18 U.S.C. § 982(a)(7).)

*Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office.*

United States v. WHITTENEY GUYTON
Criminal No. 2:23cr 35

A TRUE BILL:

**REDACTED COPY**

_____
FOREPERSON

Jessica D. Aber
United States Attorney

By: _____
Elizabeth M. Yusi
Assistant United States Attorney
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Tel. - 757-441-3555
Fax - 757-441-6689
Email - elizabeth.yusi@usdoj.gov