IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA,

v.  Criminal Action No. 2:23cr35

WHITTENEY GUYTON,
        Defendant.

## ORDER

This matter comes before the Court on two unopposed motions: a motion to determine the defendant's mental competency and a motion to continue the trial, both filed by the defendant, Whitteney Guyton. (ECF Nos. 22, 23, 26.)[1]

In the first motion, defense counsel explains that Guyton has previously provided him with "coherent and responsive" answers. (ECF No. 26, at 1). But during his "last three visits" with Guyton, she "has given nonsensical answers, offered bizarre legal theories[,] and was completely incapable of understanding the ramifications of her actions." (*Id.* at 1.) Defense counsel states that after "witness[ing] Ms. Guyton's decline firsthand," he "has become increasingly concerned that her medical condition prevents her from cooperating with counsel." (*Id.* at 2.) He further believes she may suffer "from a mental disease or defect that renders her mentally incompetent to such a degree that she is no longer able to properly assist in her own defense." (*Id.*) He therefore asks that the Court order a mental evaluation pursuant to 18 U.S.C. § 4241(b) and hold a hearing on Guyton's mental competency. Defense counsel has requested that Dr. Weare A. Zwemer, of Chesapeake, Virginia, complete the examination. (*Id.*) He also requests to continue the trial pending resolution of the competency determination. (ECF No. 23.)

---

[1] Guyton filed her original motion for a competency determination on December 22, 2023, (ECF No. 22), and an amended motion on January 8, 2024 (ECF No. 26.)

A court may set a hearing on a defendant's mental competency before trial "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). Before holding the hearing, "the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)." *Id.* § 4241(b). The court then conducts a hearing pursuant to 18 U.S.C. § 4247(d).[2]

Upon due consideration, the Court GRANTS the motions (ECF Nos. 22, 23, 26), and ORDERS as follows:

1. Pursuant to 18 U.S.C. § 4241(b), the Court ORDERS a psychological examination of the defendant to be completed by Dr. Weare A. Zwemer of Chesapeake. *See* 18 U.S.C. § 4247(b). The evaluation shall be conducted pursuant to the provisions of 18 U.S.C. § 4247(b) and (c). The defendant SHALL file the psychological report under seal within one day of the report's completion.

2. Counsel SHALL report the status of their efforts to the Court by **February 10, 2024**, by contacting chambers directly.

---

[2] Following the hearing, if the Court
> finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General.

18 U.S.C. § 4241(d).

2

3. The Court CONTINUES GENERALLY the trial pending a determination of Guyton's competency.[3]

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.

Date: 11 January 2024
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge

---

[3] 18 U.S.C. § 3161(h) excludes from the Speedy Trial period "[a]ny period of delay ... resulting from any proceeding, including any examinations, to determine the mental competency ... of the defendant."